Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| NÉLSSIDA MARTÍNEZ PAULINO<br><br>Recurrida<br><br>v.<br><br>CHUBB INSURANCE COMPANY, DYNAMIC BUILDING MAINTENANCE, LLC, ASEGURADORA "XYZ" Y OTROS<br><br>Peticionaria | TA2025CE00764 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2024CV05657<br>Sala: 805<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece Dynamic Building Maintenance, LLC y su aseguradora Liberty Mutual Insurance Company vía *certiorari* y solicita que revoquemos la *Resolución Interlocutoria* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 14 de octubre de 2025. En dicho dictamen, se declaró sin lugar la solicitud de eliminación de prueba de la parte peticionaria. Por los fundamentos que expresaremos, denegamos expedir el auto de *certiorari*.

En síntesis, el caso de epígrafe trata de una demanda por daños y perjuicios. Según el expediente, la señora Nélssida Martínez Paulino presentó la referida demanda contra la peticionaria por ésta alegadamente sufrir una caída al resbalar en un área mojada en la

recepción del Condominio Galería 1, todo por razón de que un empleado de Dynamic mapeó el piso sin tomar medidas de seguridad para advertir a los transeúntes que el piso se encontraba mojado. Presentada la demanda contra Dynamics y otros codemandados, el 30 de mayo de 2025, las partes presentaron un *Informe de Conferencia Preliminar entre Abogados* y en la cual se dispuso que la recurrida estaría ofreciendo como evidencia el *Informe Oficial de Seguridad* de COPS Security Guards, Inc., a razón de que en la misma se manifiesta que el guardia de seguridad del Condominio le había indicado al empleado de mantenimiento que estaba dejando el piso muy mojado, y que éste le había contestado que eso estaba bien.

Durante la vista de *Conferencia con Antelación a Juicio y Vista Transaccional* del 27 de agosto de 2025, la peticionaria cuestionó la validez del *Informe Oficial de Seguridad*, toda vez que el guardia de seguridad no fue anunciado como testigo y por lo cual no declararía sobre lo visto ese día o lo escrito en el informe. Posteriormente, Dynamic solicitó por escrito la eliminación de este informe como prueba, ya que este documento fue preparado varias semanas después del accidente, así arrojando serias dudas sobre la certeza, confiabilidad y objetividad del contenido. Luego de la señora Martínez Paulino oponerse, el Tribunal recurrido resolvió sin lugar la solicitud del peticionario.

Insatisfecha, la peticionaria recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al no aplicar correctamente el derecho y denegar la eliminación del *Informe Oficial de Seguridad*, cuyo presunto autor no es testigo para declarar en juicio, no es parte de

epígrafe y tampoco lo es la compañía de seguridad que lo empleaba. Presentada la oposición de la parte recurrida, resolvemos.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

Ahora bien, la cuestión preliminar con relación a la admisibilidad de evidencia será determinada por el Tribunal, sin quedar obligado por las Reglas de Evidencia, excepto aquellos relativos a privilegios. Regla 109 de Evidencia, *supra*. Dentro de esta determinación, el Tribunal deberá evaluar la autenticidad de la evidencia previo a la admisibilidad, el cual puede satisfacerse mediante la presentación de evidencia suficiente para sostener una determinación de que la materia en cuestión es lo que la persona proponente sostiene. Íd., R. 901. Dicha autenticidad podrá demostrarse vía el testimonio de un testigo con conocimiento. Íd. De superarse cualquier problema de pertinencia y autenticación de la prueba, el Tribunal deberá sopesar el valor

probatorio de la evidencia demostrativa y la probabilidad de ésta crear perjuicio, confusión, desorientación, dilación o una innecesaria presentación de prueba acumulativa. Íd., R. 403; *Pueblo v. Echevarría Rodríguez*, 128 DPR 299 (1991).

En caso del Tribunal de Primera Instancia admitir erróneamente cierta evidencia, la parte perjudicada deberá presentar una objeción oportuna, específica y correcta o una moción para que se elimine del récord evidencia erróneamente admitida cuando el fundamento para objetar surge con posterioridad. Regla 104 de Evidencia, *supra*. Véase *Pueblo v. Ortiz Colón*, 207 DPR 100 (2021); E.L. Chiesa Aponte, *Reglas de Evidencia comentadas*, San Juan, Ed. Situm, 2016, pág. 27. Del fundamento de la objeción surgir claramente del contexto del ofrecimiento de la evidencia, no será necesario aludir a ello. Regla 104 de Evidencia, *supra*. Una vez el Tribunal dicte una resolución definitiva en el récord sobre la admisibilidad de la evidencia, ya sea antes o durante el juicio, una parte no tendrá que renovar una objeción u oferta de prueba para conservar su derecho a plantear el asunto en apelación. Íd.

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado o abusado de su discreción al denegar la eliminación de la prueba en controversia. Del expediente se desprende que el Tribunal apelado estará indefectiblemente obligado a revisitar la autenticación y eventual admisión del *Informe Oficial de Seguridad* durante el juicio. Por tanto, no se justifica intervenir con su criterio en esta etapa.

Por los fundamentos expresados, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones